# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **COWANNA SALES,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.:** |
| **V.** | ) | |
| | ) | |
| **MARATHON ELECTRICAL** | ) | **JURY TRIAL DEMANDED** |
| **CONTRACTORS, LLC.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

COMES NOW Cowanna Sales ("Plaintiff") and by and through the undersigned counsel hereby files this Civil Complaint for damages against Defendant Marathon Electrical Contractors, LLC, ("Defendant") and shows the Court the following:

## JURISDICTION

1. The plaintiff brings this action for damages and reasonable attorneys' fees against Defendant Marathon Electrical Contractors pursuant to 28 U.S.C. Section 1331, 28 U.S.C. 1343 and 42 U.S.C. Section 1981. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

3. This suit is authorized and instituted under 42 U.S.C. § 1981.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

5. Plaintiff, Cowanna Sales, ("Plaintiff" or "Sales") is a resident of Morgan County, Alabama, and performed work for the Defendant in the counties composing the Northern District during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Northeastern Division.

6. Defendant Marathon Electrical Contractors, LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

7. Defendant employed at least twenty (20) people during the current or preceding calendar year.

## FACTS

8. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

9. Plaintiff is a black woman.

10. Plaintiff began working for the Defendant on or about March 26, 2018, as a Service Administrator.

11. Although her title did not officially change, the Defendant gave Plaintiff the responsibilities of Service Manager.

12. Plaintiff worked in an office of about twenty (20) employees.

13. Plaintiff was the only black person working in that office.

14. Plaintiff was also the only black woman on the Industrial Service Managers team, which was comprised of four people.

15. Justin Ragsdale was the District Service Manager, and Plaintiff reported to him.

16. Brandon Gibson, a white male and a Service Manager, reported to Ragsdale as well.

17. Jason Smith, a white male and Service Manager also reported to Ragsdale.

18. Plaintiff trained Gibson in some functions of his employment position.

19. Plaintiff submitted time sheets for both Gibson and Smith while working for Defendant.

20. On June 11, 2021, the Defendant terminated Ragsdale, and Plaintiff was unaware of the reason.

21. On the same day, at around 9:30 a.m., one of the vice presidents, Mark McGrath, said that he needed to speak to Sales.

22. McGrath said that he would have to terminate Sales because she was under Ragsdale's leadership.

23. At that moment, Sales had no idea that the Defendant terminated Ragsdale.

24. Defendant terminated Sale's employment on or about June 11, 2021.

25. The Defendant did not terminate Gibson.

26. The Defendant did not terminate Smith.

27. All of Sales' performance appraisals met expectations.

28. Sales had no recent discipline in her employee file.

## COUNT I:

## TITLE VII RACE DISCHARGE

29. Plaintiff incorporates by reference and realleges paragraphs 1-28 as if set forth fully herein.

30. Plaintiff a black woman.

31. Plaintiff was qualified for the position of Service Manager and/or Service Administrator.

32. Defendant's employee, Mark McGrath, terminated Plaintiff's employment on or about June 11, 2021.

33. Ms. Sales' two white male coworkers Gibson and Smith remained employed, even though both Gibson and Smith also reported to Ragsdale.

34. Ms. Sales is a person of African American ancestry.

35. Defendant's actions in terminating Plaintiff's employment violated Title VII.

36. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

37. Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

38. Because of Defendant's discriminatory decision made in whole or in part because of her race, Plaintiff has lost pay and continues to be paid less.

39. Defendant's actions in terminating Plaintiff violated Title VII.

## COUNT II
## 42 U. S. C. § 1981 DISCHARGE

40. Plaintiff incorporates by reference and realleges paragraphs 1-28 as if set forth fully herein.

41. Plaintiff is a black woman.

42. Plaintiff was qualified for the position of Service Manager.

43. On or about June 11, 2021, Defendant terminated Plaintiff's employment.

44. Defendant did not terminate Gibson or Smith, two white males who also reported to Ragsdale.

45. Because of Defendant's discriminatory decision made in whole or in part because of her race, Plaintiff has lost pay and continues to be paid less.

46. Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

47. Defendant's decision to terminate Plaintiff's employment was made, in whole or part, because of her race in violation of 42 U. S. C. § 1981.

48. Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT III
## TITLE VII – SEX- DISCHARGE

49. Plaintiff incorporates by reference and realleges paragraphs 1-28 as if set out herein.

50. Plaintiff is a woman.

51. Plaintiff was qualified for the position of Service Manager.

52. Defendant's employee, Mark McGrath, terminated Plaintiff's employment on or about June 11, 2021.

53. Smith and Gibson, two of Ms. Sales' white male coworkers, also reported to Ragsdale, but were not terminated.

54. Defendant's actions in terminating Plaintiff's employment violated Title VII.

55. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

56. Plaintiff performed the same duties as Gibson and Smith did and in fact, helped train both Smith and Gibson.

57. Defendant's sex was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

58. Because of Defendant's discriminatory decision made in whole or in part because of her sex, Plaintiff has lost pay.

59. Defendant's actions in terminating Plaintiff violated Title VII.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

D. Award him back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

E. Attorneys' fees and costs;

F. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

Kira Fonteneau (FON007)

**OF COUNSEL:**

Barrett & Farahany
2 20th N. St. Suite 900
Birmingham AL 35203

## PLEASE SERVE DEFENDANT AS FOLLOWS

**c/o Taylor, Bruce**

**2830 Commerce Boulevard**

**Irondale, AL 35210**

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2021-02264 |
|---|---|---|

_____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Cowanna Sales | (256) 345-5097 | (b)(7)(C) |

| Street Address | City, State and ZIP Code |
|---|---|
| 402 Bradley Street SW | Decatur, AL 35601 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Marathon Electrical Contractors, LLC | 100 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1328 Southfield Dr SE | Decatur, AL 35603 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | 0 | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 6/11/2021   Latest: 6/11/2021
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. I am a person of African ancestry, colloquially referred to as Black.
2. I am a woman.
3. I began working for the Respondent on or about March 26, 2018, as a Service Administrator.
4. Although my title did not officially change, the Respondent gave me the responsibilities of Service Manager.
5. I was the only Black woman on the Industrial Service Managers team, which was comprised of four people.
6. Justin Ragsdale was the District Service manager, and I reported to him.
7. Brandon Gibson, a white male and a Service Manager, reported to Ragsdale as well.
8. Jason Smith, a white male and Service Manager on Daikin's site, but an employee for the Respondent also reported to Ragsdale.
9. On June 11, 2021, the Respondent terminated Ragsdale, and I am unaware of the reason.
10. On the same day, at around 9:30 a.m., one of the Vice Presidents, Mark McGrath, said that he needed to speak to me.
11. McGrath said that he would have to terminate me because I was under Ragsdale's leadership.
12. At that moment, I had no idea that the Respondent terminated Ragsdale.
13. The Respondent terminated my employment on or about June 11, 2021.
14. The Respondent did not terminate Gibson.
15. The Respondent did not terminate Smith.
16. All of my performance appraisals met expectations.
17. I had no recent discipline in my employee file.

RECEIVED
JUN 24 2021
E.E.O.C.
BIRMINGHAM DISTRICT

I believe the Respondent Discriminated against me because of my race, in violation of Title VII and 42 U.S.C. § 1981.
I believe the Respondent Discriminated against me because of my sex in violation of Title VII.

Fonteneau Firm LLC – Lawyers for Working People

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY—*When necessary for State or Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>06/21/2021  *Conuyna S. Sales*<br>Date                    Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |



RECEIVED
JUN 2 4 2021
E.E.O.C.
BIRMINGHAM DISTRICT

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**BIRMINGHAM DISTRICT OFFICE**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: September 13, 2022

**To:** Ms. Cowanna Sales
402 Bradley Street SW
Decatur, AL 35601

Charge No: 420-2021-02264

EEOC Representative and email:     ANDRE WILLIAMS
Investigator
andre.williams@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 420-2021-02264.

On behalf of the Commission,

**SHERI GUENSTER** Digitally signed by SHERI GUENSTER
Date: 2022.09.13 12:54:19 -05'00'

/for Bradley A. Anderson
District Director

**Cc:**
Mark McGraw
MARATHON ELECTRICAL CONTRATORS, LLC
3621 Highway 31 South
Decatur, AL 35603

Kira Fonteneau
BARRETT & FARAHANY
#2 20th Street North, Suite 9
Birmingham, AL 35203


Please retain this notice for your records.